David Bloch (SBN CA 184530)
blochd@gtlaw.com
GREENBERG TRAURIG, LLP
Four Embarcadero Center, Suite 3000
San Francisco, California 94111
T: 415.655.1300 F: 415.707.2010

Rose Cordero Prey (*pro hac vice* admission pending)
preyr@gtlaw.com
Giancarlo L. Scaccia (*pro hac vice* admission pending)
scacciag@gtlaw.com
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, New York 10166
T: 212.801.9200 F: 212.801.6400

Attorneys for Plaintiff Coinbase, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COINBASE, INC., <br><br> Plaintiff, <br><br> v. <br><br> MODERN FONT APPLICATIONS LLC, <br><br> Defendant. | CASE NO. _____ <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Coinbase, Inc. ("Coinbase") hereby brings this Complaint for declaratory judgment of non-infringement as to U.S. Patent Nos. 8,522,127 ("the '127 patent"), 9,886,421 ("the '421 patent"), and 9,892,093 ("the '093 patent") (collectively, the "Asserted Patents") against Defendant Modern Font Applications LLC ("MFA") and states as follows:

## NATURE OF THE ACTION

1. This is an action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaratory judgment of non-infringement of the Asserted Patents and for such other relief as the Court deems just and proper.

2. In particular, Coinbase seeks a declaratory judgment that it has not infringed, induced others to infringe, or contributed to the infringement by others under 35 U.S.C. § 271 (or any subsection thereof) of the Asserted Patents.

3. True and correct copies of the Asserted Patents are attached as Exhibits 1-3.

## THE PARTIES

4. Plaintiff Coinbase is a corporation organized and existing under the laws of Delaware, with physical offices located in this Judicial District in San Francisco and Redwood City, CA.

5. Defendant MFA is a Utah limited liability company, with its principal place of business at 299 S. Main Street, Suite 1300, Salt Lake City, UT 84111.

6. On information and belief, MFA is a patent monetization company that does not practice the alleged inventions claimed in the Asserted Patents or make any products.

7. On information and belief, MFA is the exclusive licensee of the Asserted Patents and holds all substantial rights, including the right to sue for infringement and collect all damages (including past damages) for infringement, of the Asserted Patents.

8. On information and belief, the owner of the Asserted Patents, Clantech, Inc., does not have any right to enforce or license the Asserted Patents.

## JURISDICTION [L.R. 3-5(a)]

9. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. An actual and justiciable controversy exists between Coinbase and MFA as to the non-infringement of the Asserted Patents based on MFA's allegations of patent infringement and threat of litigation against Coinbase, as set forth in Exhibit 4. Therefore, the Court may grant the declaratory relief sought pursuant to 28 U.S.C. §§ 2201 and 2202.

11. This Court has personal jurisdiction over MFA by virtue of its sufficient minimum contacts with this forum based on the business it conducts within this Judicial District and the State of California.

12. Specifically, MFA's in-house counsel, Andrew Oliver, the author of the patent assertion letter giving rise to declaratory judgment jurisdiction (Exhibit 4), is based in the Northern District of California, is admitted to the State Bar of California, maintains an office in San Jose, California, and directs MFA's patent licensing and enforcement activities with respect to the Asserted Patents.

13. On information and belief, Mr. Oliver directed MFA's enforcement and litigation activities with respect to the Asserted Patents from this Judicial District against multiple defendants based throughout California, including claims asserted against Dine Brands Global, Inc., BJ's Restaurants, Inc., El Pollo Loco, Inc., and The Habit Restaurants, LLC. *See, e.g.*, *Modern Font Applications LLC v. El Pollo Loco, Inc.*, Case No. 8:19-cv-01699 (C.D. Cal.); *Modern Font Applications LLC v. The Habit Restaurants, LLC*, Case No. 8:19-cv-01660 (C.D. Cal.).

14. On information and belief, MFA has derived revenues from licensing the Asserted Patents to companies located in California and in this Judicial District.

15. Thus, it would be reasonable and fair for this Court to exercise jurisdiction over MFA consistent with the principles underlying the U.S. Constitution, and it would not offend traditional notions of fair play and substantial justice.

16. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391 because MFA is subject to personal jurisdiction in this District.

**INTRADISTRICT ASSIGNMENT [L.R. 3-5(b)]**

17. This is an Intellectual Property Action and hence is assigned on a District-wide basis. MFA's in-house counsel is located in the San Jose Division.

**THE ASSERTED PATENTS**

18. The '127 patent is titled "Allowing Operating System Access to Non-Standard Fonts in a

Network Document." The '127 patent issued on August 27, 2013, and lists Robert G. Adamson, III as the sole inventor. According to the face of the '127 patent, it expires on October 10, 2026.

19. The '421 patent is titled "Allowing Operating System Access to Non-Standard Fonts in a Network Document." The '421 patent issued on February 6, 2018, and lists Robert G. Adamson, III as the sole inventor. The '421 patent also identifies Clantech, Inc. as the assignee. According to the face of the '421 patent, it expires on July 16, 2021.

20. The '093 patent is titled "Apparatus of a Hand-Held Device for Exposing Non-Standard Fonts in a Network Document to an Operating System." The '093 patent issued on February 13, 2018, and lists Robert G. Adamson, III as the sole inventor. The '093 patent also identifies Clantech, Inc. as the assignee. According to the face of the '093 patent, it expires on July 16, 2021.

**THE PARTIES' DISPUTE CONCERNING THE ASSERTED PATENTS**

21. On June 18, 2021, MFA's in-house counsel purportedly sent a Letter (Exhibit 4) to Coinbase in California through CT Corporation System, in Dallas, Texas. The Letter asserts that Coinbase should "consider this letter as formal notice that Coinbase, Inc. ('you') are infringing Modern Font Applications LLC's ('MFA') patent(s)."

22. In the Letter, MFA alleges that Coinbase's website and its "Coinbase – Buy & Sell Bitcoin application" for iOS and Android devices (the "mobile applications") infringe claims 1, 6, and 11 of the '421 patent; claims 1, 10, and 18 of the '093 patent; and/or claims 1 and 26 of the '127 patent.

23. In the Letter, MFA identifies certain aspects of Coinbase's website and/or mobile applications that allegedly infringe the Asserted Patents and claims that "infringement damages have been accruing since at least June 2018."

24. In the Letter, MFA offers to resolve Coinbase's alleged infringement "through licensing ... [t]o avoid the expense and inconvenience of a patent infringement lawsuit." MFA also threatens that "where necessary, MFA has brought patent infringement lawsuits against several companies in various industries," and identifies eighteen lawsuits.

25. In the Letter, MFA indicates "a need for litigation" without a license from MFA and that Coinbase has "3 weeks" to "resolve the patent infringement through a license."

26. MFA has initiated at least eighteen patent lawsuits over the past three years, all of which

relate to one or more of the Asserted Patents.

27. MFA's most recent litigation was filed in the Western District of Texas.

28. Based on the above-described actions, there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality, to warrant the issuance of a declaratory judgment. Accordingly, as further described herein, an actual and justiciable controversy exists between Coinbase and MFA as to the non-infringement of the Asserted Patents.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of the '127 Patent)

29. Coinbase restates and realleges each of the assertions set forth in the paragraphs above.

30. Coinbase has not infringed and does not infringe any claim of the '127 patent directly or indirectly, either literally or under the doctrine of equivalents.

31. For example, and without limitation, Coinbase's website does not infringe, directly or indirectly, claim 1 of the '127 patent because, at a minimum, it does not practice the following claim limitations:

   a. "computer executable instructions identifying a display character and identifying a font used to render the display character;" and/or

   b. "an exposure module comprising instructions for retrieval and installation of the exposure module on the second browsing computer from the first computer and for installation or exposure of the font package to the second browsing computer from the first computer responsive to the first computer receiving a request for the font package from the second browsing computer so that the second browsing computer can render the display character using the identified font, whereby when the display character is displayed, the display character is displayed using the exact same font."

32. Further Coinbase's website does not infringe, directly or indirectly, claim 26 of the '127 patent because, at a minimum, it does not practice the following claim limitations:

   a. "a reference to a font package separate from the network document, the font package comprising computer readable formatting information . . . necessary for other applications controlled by the operating system of the computer to also render the

display character using the identified font, whereby when the display character is displayed in the network document or by the other applications, the display character is displayed using the exact same original font information;" and/or

b. "the computer providing an adaptation module for translation of function calls and returns in order to provide communication capabilities with other applications running on the operating system."

33. Coinbase has never had any intent to cause the end users of its website or anyone else to infringe the '127 patent.

34. There is an actual and justiciable controversy between Coinbase and MFA concerning the non-infringement of the '127 patent.

35. Coinbase is therefore entitled to a declaratory judgment that its website does not directly or indirectly infringe the '127 patent, either literally or under the doctrine of equivalents.

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of the '421 Patent)**

36. Coinbase restates and realleges each of the assertions set forth in the paragraphs above.

37. Coinbase has not infringed and does not infringe any claim of the '421 patent directly or indirectly, either literally or under the doctrine of equivalents.

38. For example, and without limitation, Coinbase's mobile applications do not infringe, directly or indirectly, claim 1 of the '421 patent because, at a minimum, they do not practice the following claim limitations:

a. "computer executable instructions for identifying the plurality of display characters for display and for identifying one or more external fonts used to render at least one of the plurality of display characters;"

b. "a font package separate from the computer executable instructions for identifying the plurality of display characters for display;" and/or

c. "a system font table of the hand-held device is updated to reflect an availability of the external font files."

39. Further Coinbase's mobile applications do not infringe, directly or indirectly, claim 6 of the

'421 patent because, at a minimum, they do not practice the following claim limitations:

    a. "a font package separate from the application file of the network document and referenced by the computer executable instructions of the network document, the font package comprising computer readable formatting information for the operating system of the hand-held device to render the at least one display character using the font and for other applications controlled by the operating system of the hand-held device to render the at least one display character using the font;" and/or

    b. "updating a system font table of the hand-held device to reflect an availability of the font."

40. Further Coinbase's mobile applications do not infringe, directly or indirectly, claim 11 of the '421 patent because, at a minimum, it does not "cause a system font table of the hand-held device to be updated to reflect an availability of the font" as required by the claim.

41. Coinbase has never had any intent to cause the end users of its website or mobile application or anyone else to infringe the '421 patent.

42. There is an actual and justiciable controversy between Coinbase and MFA concerning the non-infringement of the '421 patent.

43. Coinbase is therefore entitled to a declaratory judgment that its website and mobile applications do not directly or indirectly infringe the '421 patent, either literally or under the doctrine of equivalents.

### THIRD CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of the '093 Patent)**

44. Coinbase restates and realleges each of the assertions set forth in the paragraphs above.

45. Coinbase has not infringed and does not infringe any claim of the '093 patent directly or indirectly, either literally or under the doctrine of equivalents.

46. For example, and without limitation, Coinbase's website does not infringe, directly or indirectly, claims 1, 10, and 18 of the '093 patent because, at a minimum, it does not "update[] a system font table of the operating system to include information about the font file."

47. Coinbase has never had any intent to cause the end users of its website or anyone else to

infringe the '093 patent.

48. There is an actual and justiciable controversy between Coinbase and MFA concerning the non-infringement of the '093 patent.

49. Coinbase is therefore entitled to a declaratory judgment that its website does not directly or indirectly infringe the '093 patent, either literally or under the doctrine of equivalents.

## PRAYER FOR RELIEF

WHEREFORE, Coinbase respectfully request the following relief:

A. That the Court enter a judgment declaring that Coinbase has not infringed and does not infringe any claim of the '127 patent, directly or indirectly, either literally or under the doctrine of equivalents;

B. That the Court enter a judgment declaring that Coinbase has not infringed and does not infringe any claim of the '421 patent, directly or indirectly, either literally or under the doctrine of equivalents;

C. That the Court enter a judgment declaring that Coinbase has not infringed and does not infringe any claim of the '093 patent, directly or indirectly, either literally or under the doctrine of equivalents;

D. That the Court enter a judgment that this is an exceptional case under 35 U.S.C. § 285 and award Coinbase its costs, expenses, and reasonable attorneys' fees incurred in this action;

E. That the Court award Coinbase any and all other relief to which Coinbase may show themselves to be entitled; and

F. That the Court award Coinbase any other relief it may deem just and proper under the circumstances.

DATED:  July 9, 2021                                    **GREENBERG TAURIG, LLP**

                                                         By: */s/ David Bloch*

                                                         David Bloch (SBN CA 184530)
                                                         blochd@gtlaw.com
                                                         GREENBERG TRAURIG, LLP
                                                         Four Embarcadero Center, Suite 3000
                                                         San Francisco, California 94111
                                                         T: 415.655.1300 F: 415.707.2010

                                                         Rose Cordero Prey (*pro hac vice* admission pending)
                                                         preyr@gtlaw.com
                                                         Giancarlo L. Scaccia (*pro hac vice* admission pending)
                                                         GREENBERG TRAURIG, LLP
                                                         MetLife Building
                                                         200 Park Avenue
                                                         New York, New York 10166
                                                         T: 212.801.9200 F: 212.801.6400

                                                         *Attorneys for Plaintiff Coinbase, Inc.*

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and Civil Local Rule 3-6, Coinbase demands a trial by jury on all issues and claims so triable.

DATED:  July 9, 2021                                    **GREENBERG TRAURIG, LLP**

                                                         By: */s/ David Bloch*

                                                         David Bloch (SBN CA 184530)
                                                         blochd@gtlaw.com
                                                         GREENBERG TRAURIG, LLP
                                                         Four Embarcadero Center, Suite 3000
                                                         San Francisco, California 94111
                                                         T: 415.655.1300 F: 415.707.2010

                                                         Rose Cordero Prey (*pro hac vice* admission pending)
                                                         preyr@gtlaw.com
                                                         Giancarlo L. Scaccia (*pro hac vice* admission pending)
                                                         GREENBERG TRAURIG, LLP
                                                         MetLife Building
                                                         200 Park Avenue
                                                         New York, New York 10166
                                                         T: 212.801.9200 F: 212.801.6400

                                                         *Attorneys for Plaintiff Coinbase, Inc.*