David Bloch (SBN CA 184530)
blochd@gtlaw.com
GREENBERG TRAURIG, LLP
Four Embarcadero Center, Suite 3000
San Francisco, California 94111
T: 415.655.1300 F: 415.707.2010

Rose Cordero Prey (admitted *pro hac vice*)
preyr@gtlaw.com
Giancarlo L. Scaccia (admitted *pro hac vice*)
scacciag@gtlaw.com
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, New York 10017
T: 212.801.9200 F: 212.801.6400

*Attorneys for Plaintiff Coinbase, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COINBASE, INC., <br><br>      Plaintiff, <br><br> v. <br><br> MODERN FONT APPLICATIONS LLC, <br><br>      Defendant. | CASE NO. 3:21-cv-05305 <br><br> **COINBASE, INC.'S OPPOSITION TO MODERN FONT APPLICATIONS LLC'S MOTION TO STAY** <br><br> Date:  December 23, 2021 <br> Time:  9:30 a.m. <br> Ctrm:  B — 15th Floor <br> Judge:  Hon. Laurel Beeler <br> *Via Zoom webinar* |

## I.    INTRODUCTION

MFA has asked this Court on multiple occasions to stay all proceedings pending resolution of a motion to dismiss.  Each time the Court has denied MFA's motion.  *See Duolingo v. Mod. Font Applications LLP*, Case No. 5:21-cv-06132-LHK, at ECFs 33, 44 (N.D. Cal.).  The Court should reach the same conclusion here for the same reason: "The Federal Rules of Civil Procedure do not provide for stays of discovery simply because a motion to dismiss is pending." *Novelposter v. Javitch Canfield Grp.*, 2014 WL 12618174, at *1 (N.D. Cal. May 23, 2014).  Instead, "[a] party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Celgard, LLC v. Shenzhen Senior Tech. Material Co.*, 2020 WL 7394456, at *1 (N.D. Cal. Aug. 4, 2020) (cleaned up). MFA does not meet this exacting standard, and the Court should deny its motion.

## II.    STATEMENT OF RELEVANT FACTS

### A.    This Action

After receiving a written patent litigation threat authored by MFA's Northern California-based in-house counsel, Coinbase filed for declaratory relief in this Court.  ECF 1.  MFA obtained an extension of time to respond and then moved to dismiss under Rule 12(b).  ECFs 17, 22.  In response, Coinbase requested jurisdictional discovery.  ECF 29.  The Court heard oral argument on both motions on December 2, 2021.  ECF 41.

In parallel, the Court scheduled a case management conference and directed the parties to agree on a schedule and other matters pursuant to Rule 26.  ECF 25.  As part of the Rule 26 process, MFA told Coinbase that it would seek to stay all discovery while its motion was pending.  While Coinbase does not agree that such relief is warranted, it agreed to an expedited briefing schedule without a reply so that the Court could consider the stay request at the December 23 CMC.  *See* ECFs 44, 47, 49.

### B.    MFA's Prior Stay Requests in the Related Cases

MFA is the defendant in two other declaratory judgment cases arising out of the same basic facts (infringement threats sent by Northern California counsel) and involving the same patents in suit.

In *CoStar Realty Info., Inc. v. Mod. Font Applications*, Case No. 3:21-cv-7521-LHK (N.D. Cal.), MFA filed a Rule 12(b)(6) motion to dismiss.  *Id.*, ECF 26.  Briefing on that motion is ongoing.

In *Duolingo, Inc. v. Mod. Font Applications*, Case No. 5:21-cv-06132-LHK (N.D. Cal.), MFA

asked the Court to postpone the initial case management conference because it intended to file a motion to dismiss. *Id.*, ECF 21 at 2-3. Before the Court rendered a decision, MFA moved to dismiss under Rule 12(b)(6). *Id.*, ECF 24. The Court subsequently denied MFA's request for a continuance. *Id.*, ECF 28. In the parties' joint CMC statement that followed, MFA again asked the Court to "defer the setting of any schedule and continue this case management conference until after it has ruled on the motion to dismiss," arguing that "it is not appropriate to set discovery or disclosure deadlines at this time." *Id.*, ECF 32 at 13-14. The Court denied MFA's request, set a schedule, and ordered that "[t]he parties must comply with the Patent Local Rules." *Id.*, ECF 33. Following that decision, MFA filed a motion to stay discovery, *id.*, ECF 38, which the Court again denied. *Id.*, ECF 44.

MFA relies on the same arguments and precedents here as it did in its failed efforts to delay resolution of the *Duolingo* case. For the same reasons set forth by Judge Koh in denying MFA's prior stay requests, the Court should deny MFA's motion.

## III.    ARGUMENT

### A.    Legal Standard

The Court has broad discretion to set case schedules and manage discovery—including when there is a pending motion to dismiss. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery"). It is settled law that "[t]he Federal Rules of Civil Procedure do not provide for stays of discovery simply because a motion to dismiss is pending." *Novelposter*, 2014 WL 12618174, at *1; *see also In re Valence Tech. Secs. Litig.*, 1994 WL 758688, at *2 (N.D. Cal. Nov. 18, 1994); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). Requests to stay discovery pending a motion to dismiss are "tantamount to a request for a protective order limiting discovery" and thus "[a] party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Celgard*, 2020 WL 7394456, at *1 (cleaned up).

### B.    The Relevant Factors Do Not Favor a Stay

Courts consider two factors in determining whether to stay discovery pending a motion: **(1)** is the motion "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed," and **(2)** can the motion "be decided absent additional discovery." *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349, 352 (N.D. Cal. 2003). "[I]f either prong of this test is not established,

discovery proceeds." *Id.* But "idle speculation" that a motion to dismiss will succeed "does not satisfy Rule 26(c)'s good cause requirement." *Gray*, 133 F.R.D. at 40. Rather, MFA must "show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Id.* MFA must make a "strong showing" of good cause to stay or limit discovery. *Celgard*, 2020 WL 7394456, at *1. It fails to do so here.

### 1. MFA's underlying motion is not case-dispositive

MFA asserts that its motion to dismiss will succeed, ECF 45 at 4, and that the motion is case-dispositive. *Id.* at 6. MFA is wrong on both counts. The Court has ample legal and factual bases to exercise personal jurisdiction over MFA. *See generally* ECF 24. Conclusory assertions to the contrary are not good cause and do not justify staying discovery. *See Gray*, 133 F.R.D. at 40.

Moreover, MFA does not dispute that it accuses Coinbase of patent infringement. Thus, the argument over MFA's allegations will proceed, with the only question being *where*. MFA has already announced that it will seek to transfer this case to Utah. *See* ECF 45 at 6. So there are no efficiency gains to be had by staying the case. Besides, courts overwhelmingly favor transfer over dismissal. *Dist. No. 1, Pac. Coast Dist., M.E.B.A. v. State of Alaska*, 682 F.2d 797, 798-99 (9th Cir. 1982) (where venue is lacking, the law strongly favors transfer rather than dismissal); *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001) ("generally it is preferred to transfer the case rather than dismissing it altogether"). However the Court rules on MFA's motion, the underlying dispute will remain. Therefore, this factor disfavors a stay.

### 2. Coinbase's discovery requests are relevant to the issues before the Court

MFA claims that Coinbase's requested discovery is irrelevant to its motion to dismiss. ECF 45 at 6. To the contrary, Coinbase's discovery is directly relevant to the jurisdictional issue presented by MFA's motion to dismiss. *See* ECF 38. Coinbase's discovery seeks, for example, MFA's licensing efforts in California, MFA's communications with California companies, MFA's relationship with its Northern California in-house and outside counsel, and MFA's corporate structure. ECF 38 at 3-7. Coinbase has shown that even if the Court is initially inclined to grant MFA's motion to dismiss on the current record, ample legal bases exist to permit discovery instead; Coinbase's motion for jurisdictional discovery is fully briefed and has been taken under submission by the Court. ECF 41. In its stay motion, MFA tries to

predict how the Court will rule on the motion to dismiss—not a valid basis to seek a stay of discovery. Nor does MFA identify "the specific discovery requested or why it would be unduly burdensome" to comply with Coinbase's requests, underscoring MFA's failure to show good cause. *Google Inc. v. Eolas Techs., Inc.*, No. 15-cv-05446-JST (N.D. Cal. Feb. 17, 2016); *compare* ECF 48 at 2.

The Court should allow discovery to proceed despite MFA's speculation that its motion to dismiss will be granted. *See Gray*, 133 F.R.D. at 40 (allowing discovery over a party's speculative objection that its intended motions will succeed). Even if the Court rules in MFA's favor, any of the merits discovery that takes place now can be used "through the ordinary exercise of professional courtesy and judicial case management" in any forum where the dispute between Coinbase and MFA is ultimately resolved. *Celgard*, 2020 WL 7394456, at *2. Therefore, this factor also disfavors a stay.

### C.    MFA's Cited Precedents Do Not Support a Stay

MFA claims that Supreme Court precedent favors staying discovery pending motions to dismiss for lack of jurisdiction. ECF 45 at 4-6. But MFA does not cite to ***any*** case, let alone Supreme Court authority, supporting this proposition.

MFA asserts that "'[w]ithout jurisdiction the court cannot proceed at all in any cause'; it may not assume jurisdiction for the purpose of deciding the merits of the case." ECF 45 at 4-6 (quoting *Sinochem Int'l Co. v. Malay Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007), which in turn quotes *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). While jurisdiction is a requirement in every case, neither of the Supreme Court decisions that MFA relies on address the stay of case management or discovery deadlines. Rather, *Sinochem* relates to whether a district court can dismiss a case for forum *non conveniens* without first ruling on challenges to the Court's jurisdiction. 549 U.S. at 436. Similarly, *Steel Co.* focused on resolving a party's Article III standing challenge prior to ruling on the merits. 523 U.S. at 101. But MFA does not challenge Article III standing here.

MFA's reliance on *U.S. Cath. Conf. v. Abortion Rts. Mobilization, Inc.*, 487 U.S. 72 (1988), is likewise misplaced. That case addressed whether a non-party could challenge subject-matter jurisdiction in defense of a civil contempt citation. *Id.* at 76. Under those circumstances, the Court found that courts *can* (not "must") limit discovery to determine jurisdiction. *Id.* at 79-80. That case also dealt with subject-matter jurisdiction, which goes to the Court's Article III authority over the underlying action—something

undisputed in the present patent infringement dispute.  Nothing in *U.S. Cath. Conf.* limits this Court's authority to permit merits discovery, particularly where there is no challenge to subject-matter jurisdiction and Coinbase has already shown MFA's personal jurisdiction challenge to be meritless.  *U.S. Cath. Conf.* does not restrict the "inherent and legitimate authority of the [district] court to issue process and other binding orders," including discovery orders.  *Id.* at 79.

Similarly, in *Blackburn v. United States*, 100 F.3d 1426 (9th Cir. 1996), the Ninth Circuit upheld a district court's decision dismissing a Federal Tort Claims Act suit for lack of subject-matter jurisdiction, noting the district court's broad discretion, where "appropriate," to limit discovery to "jurisdictional matters."  *Id.* at 1436.  But nothing in *Blackburn*, which focused on subject-matter jurisdiction, imposes any requirement that the Court stay merits discovery pending a motion to dismiss for lack of personal jurisdiction.  *Filus v. Lot Polish Airlines*, 907 F.2d 1328 (2d Cir. 1990), provides even less support for MFA.  There, the Second Circuit held that discovery should proceed despite a challenge to subject-matter jurisdiction if a plaintiff "has shown a reasonable basis for assuming jurisdiction."  *Id.* at 1332.  Here, Coinbase has provided this Court with more than a "reasonable basis for assuming jurisdiction"—it has shown that MFA has consistent and systematic contacts with this forum sufficient for this Court to exercise personal jurisdiction over MFA.  ECF 24 at 6-12.

MFA's remaining citations also cut against its argument because, in both *Siderman* and *Rivas*, the Ninth Circuit ordered ***more*** discovery, not a stay.  *Siderman de Blake v. Republic of Argentina*, 965 F.2d 699, 713 (9th Cir. 1992); *Rivas v. Napolitano*, 714 F.3d 1108, 1113 (9th Cir. 2013).

In sum, every case cited by MFA upholds the district court's broad authority to manage its docket and authorize or restrict discovery.  None of the cases even remotely suggest a bright-line rule that discovery or other proceedings should be stayed pending a Rule 12(b) motion to dismiss.  Therefore, MFA has failed to carry its burden of demonstrating good cause for a stay, and discovery should proceed.

## IV.    CONCLUSION

For at least these reasons, Coinbase requests that the Court deny MFA's motion to stay for failure to show good cause.

DATED:  December 14, 2021

**GREENBERG TRAURIG, LLP**

By:    /s/ *David S. Bloch*
       David S. Bloch

5

blochd@gtlaw.com
GREENBERG TRAURIG, LLP
Four Embarcadero Center, Suite 3000
San Francisco, CA 94111
Telephone: 415.655.130
Facsimile: 415.707.2010

Rose Cordero Prey (admitted *pro hac vice*)
Giancarlo L. Scaccia (admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
Telephone: 212.801.9200
Facsimile: 212.801.6400

*Attorneys for Plaintiff Coinbase, Inc.*

COINBASE, INC.'S OPPOSITION TO MFA'S MOTION TO STAY