UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| COINBASE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MODERN FONT APPLICATIONS LLC,<br><br>Defendant. | Case No. 21-cv-05305-LB<br><br>**ORDER DENYING MOTION TO DISMISS AND DENYING AS MOOT MOTION TO FOR JURISDICTIONAL DISCOVERY**<br><br>Re: ECF Nos. 22, 29 |

**INTRODUCTION**

Coinbase, a company that offers a cryptocurrency platform, sued Modern Font Applications, a non-practicing entity, for a declaratory judgment of non-infringement after Modern Font sent a letter accusing Coinbase's website and mobile applications of infringing Modern Font's patents. Modern Font is a Utah company. It sent the letter from Utah to the attention of Coinbase's legal department "c/o CT Corporation System" at CT Corporation's address in Texas, alleging infringement in Texas "and likely other states." CT Corporation is a corporate agent for service of process. Coinbase's actual address in Texas public records is in San Francisco, California.

Modern Font moved to dismiss the complaint for lack of personal jurisdiction and venue and for failure to state a claim. Coinbase opposed the motions and moved in the alternative for jurisdictional discovery. The court denies the motion to dismiss because Modern Font has minimum contacts with the district, both through its cease-and-desist letter to Coinbase and its other acts

ORDER – No. 21-cv-05305-LB

related to its enforcement of the patents in suit. These facts also establish venue. Coinbase otherwise pleaded its claims sufficiently. Coinbase's motion for jurisdictional discovery thus is moot.

## STATEMENT

In a June 18, 2021 letter to Coinbase, Modern Font accused Coinbase of infringing claims of three Modern Font patents — U.S. Patent Nos. 8,522,127, 9,886,421, and 9,892,093 — and offered it an opportunity to license the patents.[1] On July 9, 2021, Coinbase sued Modern Font for a declaratory judgment of non-infringement.[2] Coinbase is a Delaware corporation with "physical offices" in this district. Modern Font is a Utah corporation with its principal place of business in Utah.[3]

### 1.  Facts Relevant to Jurisdiction and Venue

The main issue in the motion to dismiss is whether personal jurisdiction and venue are proper in this district. Coinbase groups the jurisdictional facts into three categories: Modern Font's targeting Coinbase in the district, Modern Font's connections to the district, and Modern Font's other patent-enforcement activities in California. Modern Font also asserts additional jurisdictional facts.

### 1.1    Modern Font's Targeting Coinbase in the Northern District of California

Listing a return address in Utah, Modern Font's in-house lawyer Andrew Oliver sent the June 18, 2021 letter to Coinbase's "Legal Department, c/o CT Corporation System," at CT Corporation's address in Dallas, Texas.[4] CT Corporation is an agent for service of process. The Texas Office of the Comptroller's website shows Coinbase's mailing address in San Francisco, California.[5]

---

[1] Compl. – ECF No. 1 at 4 (¶¶ 21–22, 24); Letter, Ex. 4 to *id.* – ECF No. 1-4.

[2] Compl. – ECF No. 1 at 2 (¶ 1).

[3] *Id.* (¶¶ 4–5).

[4] Letter, Ex. 4 to *id.* – ECF No. 1-4.

[5] Coinbase Status, Ex. B to Bloch Decl. – ECF No. 24-1 at 31. The court judicially notices the agency's website (and later in this order judicially notices similar facts). Fed. R. Evid. 201(b)(2) (can judicially notice a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Lee v. Cnty. of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001) (judicial notice of public records and undisputed facts in them); *White v. Soc. Sec. Admin.*, No. 14-cv-05604-JST, 2015 WL 3902789, at *2 (N.D. Cal. June 24, 2015) (five Social Security Administration policy documents); *Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 WL 2604774, at *3 n.1

United States District Court
Northern District of California

In the letter, Mr. Oliver asserted that Coinbase was infringing the patents in suit, identified aspects of Coinbase's website and mobile app that allegedly were infringing the patents, and offered a license to resolve the dispute.[6]

### 1.2   Modern Font's and the Asserted Patents' Connection to the Northern District

Mr. Oliver is a partner in a San Jose law firm and lives in the district, where he "directs [Modern Font's] patent licensing and enforcement activities with respect to the Asserted Patents,"[7] including through lawsuits in the Central District of California against Dine Brands Global, BJ's Restaurants, El Pollo Loco, and The Habit Restaurants.[8] In May 2020, in a declaration in a Modern Font lawsuit in the District of Utah (where he opposed a protective order seeking to block his access to highly confidential source code), he summarized his patent litigation experience, his background as a software engineer, and his evaluation of source code.[9] (Coinbase cites the last point as evidence of Mr. Oliver's evaluation in the district of potential targets for Modern Font's licensing and enforcement efforts.[10])

Modern Font also hired California attorneys in aid of its patent application and assertion efforts. John Lord (in the Central District) is its local counsel in four California cases (two in the Central District and two in the Northern District) involving the asserted patents.[11] Modern Font also hired California law firms to prosecute "many of the [a]sserted [p]atents." For example, Fenwick & West assisted with the prosecution of the '127 patent, including through Brian Bannon, located in the

---

(N.D. Cal. June 10, 2014) (Food and Drug Administration letters and press releases). The court can consider evidence outside the pleadings to determine whether it has personal jurisdiction. *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1347 (Fed. Cir. 2002).

[6] Letter, Ex. 4 to Compl. – ECF No. 1-4.

[7] Compl. – ECF No. 1 at 3 (¶ 12); Opp'n – ECF No. 24 at 7; Oliver Decl., Ex. D to Bloch Decl. – ECF No. 24-1 at 37 (¶ 3).

[8] Opp'n – ECF No. 24 at 10 (citing lawsuits by case name and number). The court takes judicial notice of the other lawsuits.

[9] Oliver Decl., Ex. D to Bloch Decl. – ECF No. 24-1 at 36–39.

[10] Opp'n – ECF No. 24 at 10.

[11] *Id.* at 11 (citing two Central District cases, where Mr. Lord entered appearances, and two Northern District cases, where he "presumably" would appear). The dockets for the two Northern District cases now reflect Mr. Lord's representation of Modern Font.

United States District Court
Northern District of California

Northern District. Fenwick & West's Mountain View office was listed as the correspondence address during prosecution with the USPTO.[12] Lincoln Essig at the Knobbe Martens law firm in Irvine, California, assisted with the prosecution of the '421 patent.[13]

### 1.3    Modern Font's Patent-Enforcement Activities in California

Modern Font has filed eighteen district-court lawsuits in the last three years. All involved the asserted '421 patent. Four are in California (as discussed in the last section): two in the Central District and two (filed against Modern Font) in the Northern District. Two lawsuits in Utah were served on the target's California agent for service of process.[14]

### 1.4    Modern Font's Additional Jurisdictional Facts

Modern Font propounded additional jurisdictional facts (beyond its status as a Utah corporation with a principal place of business in Utah).

First, Coinbase is a remote-first company, as its website shows, and will remain so after the pandemic is over. According to its CEO (in a post on February 23, 2021), it is now a decentralized company with no headquarters: 52% of its employees joined after the pandemic started, and once in-office work is safe, 95% can work remotely still. Many employees who originally worked in San Francisco now work elsewhere. Also, designating one location as headquarters is counter to Coinbase's crypto culture.[15] Its SEC Form S-1 lists its address as "Address Not Applicable" because in May 2020, Coinbase became a remote-first company and thus does not maintain a headquarters.[16] According to LinkedIn, its head of intellectual property is Ariana Woods, located in the

---

[12] Bloch Decl. – ECF No. 24-1 at 2 (¶¶ 9–12); Revocation of Power of Attorney, Ex. H to *id.* –ECF No. 24-1 at 51; Notice of Acceptance of Power of Attorney, Ex. I to *id.* – ECF No. 24-1 at 53; Interview Summ., Ex. J to *id.* – ECF No. 24-1 at 55–57; B. Brannon Webpage, Ex. K to *id.* – ECF No. 24-1 at 59–60.

[13] Bloch Decl. – ECF No. 24-1 at 2 (¶¶ 6–8); Transmittal for Power of Attorney, Ex. E to *id.* – ECF No. 24-1 at 41; Notice of Acceptance of Power of Attorney, Ex. F to *id.* – ECF No. 24-1 at 43; L. Essig Webpage, Ex. G to *id.* –ECF No. 24-1 at 45–49.

[14] Opp'n – ECF No. 24 at 11 (summarizing lawsuits); Bloch Decl. – ECF No. 24-1 at 3 (¶¶ 14–15); Compls., Exs. M & N to *id.* – ECF No. 24-1 at 65–93.

[15] Coinbase Webpages, Exs. 1–2 to Oliver Decl. – ECF Nos. 22-2 & 22-3.

[16] Coinbase Form S-1, Ex. 3 to *id.* – ECF No. 22-4.

United States District Court
Northern District of California

"Washington DC–Baltimore Area," and its "Vice President of Legal, Deputy General Counsel — Litigation and Intellectual Property" is Katherine Minarik, located in the "Greater Chicago Area."[17]

Second, Modern Font's work takes place in Utah. Its primary litigation counsel is Perry Clegg, who is based in Utah. Its patent license for the patents in suit was executed in Utah and "is with a Utah company called Clantech, Inc." It hires contract workers in Utah. Its patent-prosecution attorney is Andrew Baca, a Utah lawyer at a Utah law firm. Its bank accounts are in Utah, it works with a Utah accounting firm, and it files its tax returns in Utah (and nowhere else). It has no assets in California, and it is not registered to do business in California. It retained its California attorney John Lord for litigation matters in California. (The Northern and Central Districts of California both require lawyers to be admitted in the districts.) Other than Mr. Lord, Mr. Oliver is the only person who does work for Modern Font in California. He is a partner in a San Jose law firm, his work for Modern Font is unrelated to that firm work, and he lives and works in California for his own convenience, not Modern Font's. He travels to Utah for Modern Font meetings, he uses a Utah telephone number for his work for Modern Font, and his communications on behalf of Modern Font use Utah contact information (such as the Utah number, a Modern Font email, or the company's address in Utah). When he works on Modern Font matters in California, he must secure his own workspace, such as his home, a coffee shop, a park bench, or his car (during his daughters' soccer games).[18] Mr. Clegg does more work on IP matters than Mr. Oliver does, Modern Font did not reach out to Mr. Oliver to hire him in California, and he flew to Utah to meet the patent owner and inventor and inquired then about developing the patent portfolio and assisting with licensing the patents.[19]

Third, Modern Font avoids sending letters to infringers in California. It has sued infringers in Texas and Utah. It never has issued exclusive patent licenses, does not exercise control over a licensee's sales activities, and has no ongoing dealings with its licensees "after the licenses are

---

[17] Oliver Suppl. Decl. – ECF No. 26-3 at 2 (¶¶ 6–7); LinkedIn Screenshots, Exs. 6–7 to *id.* – ECF Nos. 26-5 & 26-6.

[18] Oliver Decl. – ECF No. 22-1 at 2–4 (¶¶ 7–26).

[19] Oliver Suppl. Decl. – ECF No. 26-3 at 3 (¶¶ 16, 19).

1    executed and payment received."[20] It sent "a single letter to an entity unrelated to Coinbase in Los

2    Angeles."[21]

3        Fourth, Modern Font has never used Fenwick & West to do any work, never hired Brian

4    Bannon to do any work, and hired Lincoln Essig and his colleague David Grant (who worked out

5    of Knobbe Martin's DC office) as patent-prosecution counsel in part because of their proximity to

6    the patent office. Modern Font told Mr. Essig that only attorneys in the D.C. office could work on

7    Modern Font cases. Modern Font terminated their representation in 2018. The patent office's

8    correspondence to Mr. Essig at the Irvine address "was not based on any instruction or request

9    from" Modern Font.[22]

10       During settlement negotiations that preceded this lawsuit, Coinbase agreed not to use a proposed

11   non-disclosure agreement or settlement negotiations as a ground for asserting jurisdiction or venue

12   in the Northern District of California. Modern Font suggested that because Coinbase's general

13   counsel and Mr. Oliver (both located in the district) knew each other, they might negotiate

14   directly.[23]

15

16   **2.   The Complaint and Relevant Procedural History**

17       In its July 9, 2021 complaint seeking a declaratory judgment of non-infringement, Coinbase

18   identifies the three products (its website, its iPhone app, and its Android app) that Modern Font

19   identified as infringing the three asserted Modern Font patents.[24] Modern Font moved to dismiss for

20   lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), for lack of venue under

21   28 U.S.C. § 1391, and for failure to state a claim under Rule 12(b)(6).[25] The court held a hearing on

22

23

24   [20] Oliver Decl. – ECF No. 22-1 at 4 (¶¶ 27–29).

25   [21] Mot. – ECF No. 22 at 9 (no record cite); Opp'n – ECF No. 24 at 14 (same fact, no record cite).

26   [22] Oliver Suppl. Decl. – ECF No. 26-3 at 2–3 (¶¶ 8–12).

27   [23] Clegg Decl. – ECF No. 26-1 at 2 (¶¶ 5–7); Email String, Ex. A to *id.* – ECF No. 26-2 at 1.

     [24] Compl. – ECF No. 1.

28   [25] Mot. – ECF No. 22.

United States District Court
Northern District of California

1  the motion on December 2, 2021. The court has federal-question jurisdiction. 28 U.S.C. §§ 1331,

2  1338(a). All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636.[26]

### ANALYSIS

The court denies the motion to dismiss. There is specific personal jurisdiction and venue, and
Coinbase pleaded its claims sufficiently.

### 1. Personal Jurisdiction

Because the issue of personal jurisdiction in a declaratory action for non-infringement is
"intimately related to patent law," Federal Circuit law governs. *Breckenridge Pharm., Inc. v.
Metabolite Labs, Inc.*, 444 F.3d 1356, 1361 (Fed. Cir. 2006). The plaintiff has the burden of
establishing jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994);
*Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328–29 (Fed. Cir. 2008). When the
court's decision about personal jurisdiction is based on affidavits, declarations, or other written
materials (and not an evidentiary hearing), a plaintiff "need only [] make a *prima facie* showing
that defendants are subject to personal jurisdiction." *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d
1344, 1349 (Fed. Cir. 2003). "In the procedural posture of a motion to dismiss, a district court
must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any
factual conflicts in the affidavits in the plaintiff's favor." *Id.*

Personal jurisdiction exists for an out-of-state defendant when the forum state's long-arm statute
permits service of process and the assertion of personal jurisdiction does not violate federal due
process. *Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1352–53 (Fed. Cir. 2017).
Because California's long-arm statute permits service of process to the full extent allowed by the
due-process clause of the U.S. Constitution, the court's inquiry centers on whether jurisdiction
comports with due process. *Id.* at 1353; *see Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). The
due-process inquiry is whether the defendant has sufficient minimum contacts with the forum such

---

[26] Consents – ECF Nos. 9, 23.

United States District Court
Northern District of California

that the assertion of jurisdiction in the forum "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (cleaned up); *New World Int'l, Inc. v. Ford Glob. Techs., LLC*, 859 F.3d 1032, 1037 (Fed. Cir. 2017).

"There are two types of personal jurisdiction: general and specific." *Bristol-Myers Squibb Co. v. Super. Ct.*, 137 S. Ct. 1773, 1779–80 (2017). Coinbase asserts both.[27] Its main argument is that there is specific jurisdiction because Modern Font sent the cease-and-desist letter to Coinbase, thereby directing its acts here, and it has other "consistent patent and procurement activities here."[28] These jurisdictional facts establish specific personal jurisdiction.

"In order for a state court to exercise specific jurisdiction, the *suit* must arise out of or relate to the defendant's contacts with the *forum*." *Bristol-Myers*, 137 S. Ct. at 1780 (cleaned up). "In other words, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* "For this reason, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.*

A court considers three factors to determine whether an out-of-state defendant has sufficient contacts with the forum to comport with due process and allow the assertion of personal jurisdiction: "whether (1) the defendant purposefully directed its activities at residents of the forum state, (2) the claim arises out of or relates to the defendant's activities with the forum state, and (3) assertion of personal jurisdiction is reasonable and fair." *Elecs. for Imaging*, 340 F.3d at 1350. The first two factors correspond with the "minimum contacts" prong of *International Shoe*, and the third factor corresponds with the "fair play and substantial justice" prong. *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001). The plaintiff has the burden of proving the first two prongs. *Elecs. for Imaging*, 340 F.3d at 1350. If it sustains its burden, then the burden shifts to the defendant to set forth a compelling case that the exercise of jurisdiction would not be reasonable. *Breckenridge*, 444 F.3d at 1363.

---

[27] Opp'n – ECF No. 24 at 18 (general jurisdiction), 12 (specific jurisdiction).

[28] *Id.* at 12–18.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Coinbase met its burden: personal jurisdiction is established by Modern Font's directing the

2    cease-and-desist letter to Coinbase and its other activities in this district and elsewhere in California.

3    Modern Font has not sustained its burden to set forth a compelling case that the exercise of

4    jurisdiction is not reasonable.

5    First, Modern Font directed its cease-and-desist letter here.

6    A "defendant purposefully directs his activities to residents of the forum when the defendant

7    sends a cease-and-desist letter to a potential plaintiff in that particular forum. And a subsequent

8    declaratory judgment action by that potential plaintiff 'arises out of or relates to' the defendant's

9    activity — namely, the cease-and-desist letter." *New World*, 859 F.3d at 1037; *Apple Inc. v.*

10   *Fundamental Innovation Sys. Int'l LLC*, No. C 19-00638 WHA, 2019 WL 1923106, at *2 (N.D.

11   Cal. Apr. 30, 2019) (quoting *New World*, 859 F.3d at 1037). "Under the third part of the test, . . . the

12   Federal Circuit has held that it is 'improper to predicate personal jurisdiction on the act of sending

13   ordinary cease-and-desist letters into a forum, *without more.*'" *Apple*, 2019 WL 1923106, at *2

14   (quoting *New World*, 859 F.3d at 1038).

15   The cease-and-desist letter targeted Coinbase in this forum. Certainly Modern Font sent the

16   letter to Texas and avoided sending the letter here: it admits that fact. But it cannot avoid

17   jurisdiction by manufacturing service on an out-of-state entity in Texas when Texas records show

18   Coinbase's address is here. *See Akro Corp. v. Luker*, 45 F.3d 1541, 1546 (Fed. Cir. 1995) (in

19   action for declaratory judgment of non-infringement, rejected argument that there was no

20   purposeful direction because warning letters were sent to counsel in North Carolina, not to the

21   alleged infringer in Ohio; the warning letters "were, for purposes of our due process inquiry,

22   directed to [the plaintiff] in Ohio;" sanctioning an argument that letters were sent to North

23   Carolina counsel, not the Ohio plaintiff, would "ignore basic principles of agency law and exalt

24   form over substance in an area where the Supreme Court generally has cautioned against such an

25   approach"); *Inamed*, 249 F.3d at 1360 (sending letter to California corporation's lawyer in New

26   York was immaterial). Also, a party cannot avoid jurisdiction by physically avoiding the forum

27   state. *Inamed*, 249 F.3d at 1361–62 (conducting business by mail and wire communications

28   obviates the need for physical presence in the forum state).

1    Coinbase's move to a remote-first work environment in the pandemic does not change this

2    conclusion: again, Modern Font tried to duck the forum by sending its letter to Texas, not to

3    Coinbase's address of record in San Francisco. Coinbase has sustained its burden that Modern

4    Font's cease-and-desist letter was conduct targeted at Coinbase here.

5        Second, directing the letter here is not enough: there must be more. *Apple*, 2019 WL 1923106,

6    at *2 (quoting *New World*, 859 F.3d at 1037). Modern Font has other relevant contacts here and in

7    California generally related to enforcing its patents. *Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*,

8    909 F.3d 1134, 1138 (Fed. Cir. 2018); *Avocent*, 552 F.3d at 1332. These are sufficient to establish

9    minimum contacts with the Northern District.

10       For one, Mr. Oliver works in the district, where he pursues Modern Font's patent-enforcement

11   and licensing activities, resulting in lawsuits in California and elsewhere. In declaratory relief

12   actions, visits to the forum can be a relevant contact. *Xilinx*, 848 F.3d at 1350–52, 1354 (cease-

13   and-desist letters sent to the forum plus travel to the forum to discuss the alleged infringement

14   established minimum contacts). In-forum activities of the patentee related to the patents in suit are

15   relevant to the minimum-contacts inquiry, even if they do not necessarily relate to the particular

16   controversy. *Id.* at 1353. Exclusive licensing is one example, and hiring of an in-forum attorney to

17   communicate with the plaintiff is another. *Id.* (collecting cases); *Elecs. for Imaging*, 340 F.3d at

18   1351 (hiring of in-forum attorney to communicate with the plaintiff). Mr. Oliver's activities

19   support personal jurisdiction.

20       Also, Modern Font's pursuing its California patent-enforcement activities (with California

21   counsel) regarding the patents in suit is a relevant contact. *Elecs. for Imaging*, 340 F.3d at 1351;

22   *Avocent*, 552 F.3d at 1334 (lawsuits "involving the same patent . . . against other alleged infringers

23   [are] a significant contact with the forum materially related to the enforcement of the relevant

24   patent"); *Apple Inc. v. VoIP-Pal.com, Inc.*, 506 F. Supp. 3d 947, 964 (N.D. Cal. Dec. 11, 2020)

25   (same). There are cases in this district (and elsewhere in California) regarding the same patents.

26       In sum, Coinbase has sustained its burden on the first two prongs of the minimum-contacts

27   test. Other courts in the district have reached similar conclusions in declaratory-judgment actions

28   based on similar jurisdictional facts involving cease-and-desist letters combined with patent-

United States District Court
Northern District of California

enforcement activities in the forum. *See, e.g.*, *ActiveVideo Networks, Inc. v. Trans Video Elecs., Ltd.*, 975 F. Supp. 2d 1083, 1098 (N.D. Cal. 2013) (patentee sent a cease-and-desist letter, litigated six cases regarding the asserted patents, and entered into licensing agreements, all in the district); *Apple*, 506 F. Supp. 3d at 962 (sent cease-and-desist letter, litigated six cases regarding the same family of patents, stipulated to transfer cases to the district, did not previously challenge personal jurisdiction, engaged multiple California law firms in its infringement suits, and met with the plaintiff regarding claims of infringement of patents in the same family); *Apple Inc. v. Zipit Wireless, Inc.*, No. 5:20-cv-04448-EJD, 2021 WL 533754, at *3 (N.D. Cal. Feb. 12, 2021) (sent "multiple letters and claim charts accusing [the plaintiff] of patent infringement and also travel[ed] to [the plaintiff]'s offices in California to discuss [those] accusations").

Modern Font's arguments do not compel a contrary result. It cites *Trimble Inc. v. PerDiemCo LLC*, 997 F.3d 1147, 1156 (Fed. Cir. 2021), where there were twenty-two communications to the alleged infringer in California, as opposed to the one here.[29] Modern Font's other contacts distinguish this case from *Trimble*. Modern Font also cites *Ondot Sys., Inc. v. Mantissa Corp.*, No. 18-CV-00207-RS, 2018 WL 10638659, at *4 & n.4 (N.D. Cal. Aug. 29, 2018), where the court found no personal jurisdiction because the defendant, which had a product designed to make credit cards more secure on the internet, engaged in "a series of limited and mostly discrete contacts . . . with California . . . to market its products to California residents," had contacts with the plaintiff (who allegedly supplied infringing software to banks), and retained an "out of state attorney [who] at some point moved to a firm that has a small California office."[30] But *Ondot* is about the insufficiency of a cease-and-desist letter to establish (on its own) personal jurisdiction. That legal point is unremarkable. The issue is whether there are other contacts too. As discussed above, Modern Font has other relevant contacts — such as its enforcement of its patents here — that establish minimum contacts and personal jurisdiction.

[29] Mot. – ECF No. 22 at 18.

[30] Reply – ECF No. 26 at 13.

ORDER – No. 21-cv-05305-LB                    11

1   The burden thus shifts to Modern Font to show a compelling case that jurisdiction is

2   unreasonable. *Breckenridge*, 444 F.3d at 1363. In evaluating this factor, courts consider "the

3   burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's

4   interest in obtaining convenient and effective relief, the interstate judicial system's interest in

5   obtaining the most efficient resolution of controversies, and the shared interest of the several

6   States in furthering fundamental substantive social policies." *Id.* at 1367 (cleaned up). Modern

7   Font does not assert unreasonableness and instead rests its argument on Coinbase's failure to

8   establish minimum contacts.[31]

9   Because Coinbase met its burden to establish minimum contacts, and Modern Font otherwise

10  does not show that jurisdiction is unreasonable, the court has personal jurisdiction and denies

11  Modern Font's motion to dismiss. As a result, the court does not reach Coinbase's argument that

12  the court has general jurisdiction, and Coinbase's motion for jurisdictional discovery is moot.[32]

13

14  **2. Venue**

15  Modern Font also moved to dismiss the case for lack of venue under 28 U.S.C. § 1391 on the

16  ground that it is not subject to personal jurisdiction here. At most, it contends, venue lies in the

17  Central District of California, not here.[33] The court denies the motion.

18  "A civil action may be brought in — (1) a judicial district in which any defendant resides, if all

19  defendants are residents of the State in which the district is located; (2) a judicial district in which

20  a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part

21  of property that is the subject of the action is situated; or (3) if there is no district in which an

22  action may otherwise be brought as provided in this section, any judicial district in which any

23  defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. §

24

25

---

26  [31] Reply – ECF No. 26 at 20.

27  [32] Mot. for Jurisdictional Discovery – ECF No. 29.

28  [33] Mot. – ECF No. 22 at 6, 27–28; Reply – ECF No. 26 at 21. Although Modern Font also moved to transfer venue, its reply brief asks only for dismissal.

1391(b). If venue is improper, the court must "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.* § 1406(a).

At minimum, venue is proper in the Northern District because a substantial part of the events or omissions giving rise to the claim occurred here. § 1391(b)(2).

### 3.  Failure to State a Claim

Modern Font moved to dismiss the claims for failure to plead them sufficiently under Federal Rule of Civil Procedure 12(b)(6). The court denies the motion. The products here are the products that Modern Font accused in its cease-and-desist letter. Coinbase identified the accused products and provided sufficient notice of its contentions of non-infringement. This is enough at the pleadings stage. *MIS Scis. Corp. v. Rpost Commc'ns Ltd.*, No. 14-cv-00376-VC, 2016 WL 2931659, at * 1 (N.D. Cal. May 19, 2016).

## CONCLUSION

The court denies the motion to dismiss the case and denies the motion for jurisdictional discovery as moot. This disposes of ECF Nos. 22 and 29.

**IT IS SO ORDERED.**

Dated: January 6, 2022

_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California